PHELPS, Assignee, *v.* ELLIOTT and others.

*(Circuit Court, S. D. New York.* November 15, 1886.)

1. EQUITY — JURISDICTION — EQUITABLE OWNER OF BONDS — SUIT TO RECOVER BONDS.

   A suit by an equitable owner of bonds to recover the bonds, or their value, is properly brought in equity.

2. SAME—PLEADING—JOINDER OF PARTIES—PERSONAL REPRESENTATIVES OF DECEASED PARTNER.

   In a suit in equity by the equitable owner of bonds to recover them, or their proceeds, from the surviving members of a copartnership, all the members of which acquired the bonds with knowledge of his rights, it is not necessary to join the personal representatives of a deceased partner as parties defendant, although they would be proper parties, at the option of the defendants.

3. ACTION OR SUIT—JOINDER OF PARTIES—REPRESENTATIVES OF DECEASED RECEIVER—SUIT IN EQUITY AGAINST SURVIVING MEMBERS.

   A receiver, who had been appointed in a suit between the equitable owner of the bonds and a third person to hold them pending the determination of the suit, surrendered them to the other party before the termination of the suit, who sold them to the defendants. *Held,* that in a suit to recover their value the receiver, or, in case of his death, his personal representatives, need not be made a party.

4. BANKRUPTCY — LIMITATIONS — ACTION BY ASSIGNEE — BONDS SOLD BY BANKRUPT—REV. ST. U. S. SECTION 5057,

   In a suit in equity by an assignee in bankruptcy to recover certain bonds vested in him by parties to whom they had been sold by the bankrupt, an averment in the bill that the assignee "had no knowledge, or means of knowledge, of the sale of said bonds until about the month of April, 1884," is insufficient to prevent the bar of the statute of limitations, requiring such suits to be brought within two years from the time the cause of action accrued. Section 5057, Rev. St. U. S.

*Deuel & Wilson,* for plaintiff.
*Stanley, Clarke & Smith,* for defendants.

WALLACE, J. Upon the allegations of the bill, for the purposes of this demurrer, it must be taken as true that the plaintiff, as the assignee in bankruptcy of one McDonald, was the equitable owner of the award made to McDonald, and assigned by the latter to White, and that this was so adjudged by the supreme court of the United States in a suit brought by the plaintiff against McDonald and White in the supreme court of the District of Columbia upon an appeal from a decree in that suit to the supreme court of the United States. As the supreme court of the United States must have determined that, by the proper construction of the statutes regulating its appellate jurisdiction, it had power to make such a decree as is alleged in the bill, the question as to the power of the court, or the scope or effect of the decree, is not open to discussion in this court.

The bill also alleges that one Riggs, during the pendency of that suit, was appointed a receiver by the supreme court of the District of Columbia, and had in his possession, as such receiver, certain bonds representing part of the avails of the award which he undertook to hold pending the determination of the suit "subject to plaintiff's claim

and right;" that, nevertheless, the bonds were obtained from him by McDonald before the termination of the suit, and were sold and delivered by McDonald, in fraud of the plaintiff's rights, to the copartnership of Riggs & Co.; and that Riggs & Co. had full knowledge of plaintiff's rights at the time. It is also alleged that Riggs, the receiver, was a member of the firm of Riggs & Co., and that he died in September, 1881. The defendants are the surviving members of Riggs & Co.

The case thus made by the bill is one in which the equitable owner of bonds seeks to recover them, or their proceeds, from the surviving members of a copartnership, all the members of which acquired them with knowledge of his rights. As he seeks to enforce an equitable title, his suit is properly brought in equity. His title is established by the decree of the supreme court. It is not necessary, in such a suit, to join the personal representatives of a deceased partner as parties defendant, although they would be proper parties at the option of the complainant. Neither is it necessary to join the personal representatives of Riggs, upon the theory that if he were alive he would be a necessary party to the suit. If he were alive, it is not obvious how he could have any interest in the controversy, or why his presence as a party would be necessary for the protection of the defendants. So far as appears, he did not claim any interest in the bonds, but was a mere stakeholder; and the decree in the suit, in which he was appointed receiver, and to which both McDonald and White as well as the plaintiff were parties, is conclusive as to the rights and interests in the bonds of all concerned, and will protect the defendants against any claim by either of them or their privies. These views dispose of most of the points urged upon the demurrer.

It is insisted, however, that the plaintiff's cause of action is barred by the statute of limitations. It does not appear that the defendants, or any of them, were within this state when the cause of action accrued; and it is therefore not necessary to consider whether the state statute of limitations would apply to the case. But, unless the transaction between McDonald and the defendants, out of which the plaintiff's cause of action against the defendants arises, was a secret or clandestine one, which was designed by the parties to it to be concealed from his knowledge, the suit is barred by section 5057, Rev. St. U. S. *Bailey* v. *Glover*, 21 Wall. 342; *Rosenthal* v. *Walker*, 111 U. S. 185; S. C. 4 Sup. Ct. Rep. 382. Being a suit in equity between an assignee in bankruptcy and persons claiming an adverse interest touching property vested in such assignee, the suit is not maintainable in any court, unless brought within two years from the time when the cause of action accrued. The cause of action accrued in June, 1875, that being the time when the defendants obtained the bonds with knowledge of the plaintiff's rights. There are no allegations in the bill inconsistent with the hypothesis that the defendants and McDonald intended to and did deal with the bonds openly, pub-

licly, and in defiance of any right or claim of the plaintiff. There is nothing to show that the transaction was one which would necessarily conceal itself. The only averment in the bill intended to excuse the delay in bringing suit by the plaintiff is that he "had no knowledge, or means of knowing, of the sale of said bonds to Riggs & Co. until about the month of April, 1884." This averment is wholly insufficient to prevent the bar of the statute from commencing to run.

The demurrer is sustained. Leave is granted to the plaintiff to move for permission to amend the bill.